UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BRUCE LINLEY SMITH,

    Petitioner,

v.                                        CASE NO. 6:05-cv-034-Orl-28DAB

JAMES V. CROSBY, et al.,

    Respondents.

---

## ORDER

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1, filed January 7, 2005). Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted. Thereafter, Respondents filed a timely response to the petition for writ of habeas corpus in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. No. 5, filed March 29, 2005). Petitioner filed a reply to the response (Doc. No. 8, filed April 15, 2005).

*Procedural History*

Petitioner was charged by information in state court case number 01-31509-CFAES with one count of organized fraud. After entering a plea of nolo contendere, he was sentenced to a two year term of probation. A violation of probation was filed in the case on July 16, 2001. On November 7, 2001, the trial court revoked his probation and sentenced him to a five year term of imprisonment.

In case number 01-33744-CFAES, Petitioner was charged with two counts of sexual battery and one count of showing obscene material to a minor. On November 7, 2001, he entered pleas of nolo contendere to the charges and was sentenced to a fifteen year term of imprisonment for one count of sexual battery, a five year term of imprisonment for the one count of showing obscene material to a minor, and a fifteen year term of sexual offender probation for the other count of sexual battery. All sentences were to run consecutive.

On December 3, 2001, Petitioner filed a notice of appeal from both the probation violation in case number 01-31509 and the conviction in case number 01-3374. By order dated June 11, 2002, the Florida Fifth District Court of Appeals *per curiam* affirmed the trial court's decisions. *Smith v. State*, 819 So. 2d 793 (Fla. 5th DCA 2000). Mandate was issued on June 28, 2002.

Petitioner filed a Florida Rule of Criminal Procedure 3.800 motion to correct illegal sentence on February 18, 2003.[1] The trial court denied the motion, and the appellate court *per curiam* affirmed by order dated May 27, 2003. *Smith v. State*, 847 So. 2d 486 (Fla. 5th DCA 2003). Mandate was issued on June 13, 2003.

---

[1] This is the filing date under the "mailbox rule." *See Thompson v. State*, 761 So.2d 324, 326 (Fla. 2000) ("[W]e will presume that a legal document submitted by an inmate is timely filed if it contains a certificate of service showing that the pleading was placed in the hands of prison or jail officials for mailing on a particular date, if that the pleading would be timely filed if it had been received and file-stamped by the Court on that particular date."). All further references to the filing date of pleadings by Petitioner shall be the filing date under the mailbox rule, unless otherwise noted.

Petitioner filed a Florida Rule of Criminal Procedure 3.850 motion for postconviction relief on June 10, 2004, which the trial court denied. On November 16, 2004, the appellate court *per curiam* affirmed the denial, and mandate was issued on December 3, 2004.

*Petitioner's Habeas Corpus Petition is Untimely*

Pursuant to 28 U.S.C. § 2244:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --

  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

  (D) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

28 U.S.C. § 2244(d).

In the present case, the appellate court entered its order of affirmance on June 11, 2002. Petitioner then had ninety days, or through September 9, 2002, to petition the United

States Supreme Court for writ of certiorari. *See* Sup. Ct. R. 13.[2] Consequently, for purposes of § 2244(d)(1)(A), the judgment of conviction became final on September 9, 2002. *See Bond v. Moore*, 309 F.3d 770, 774 (11th Cir. 2002) (holding that the one year period of limitation does not begin to run until the ninety day period for filing a petition for certiorari with the United States Supreme Court has expired). Absent any tolling, Petitioner then had one year, or through September 9, 2003, to file a federal habeas corpus petition.

Under § 2244(d)(2), the one year was tolled during the pendency of Petitioner's "properly filed" state post-conviction proceedings. Assuming that Petitioner's Rule 3.800 motion was properly filed, the time was tolled for a total of 115 days (from February 18, 2003, when the motion was filed, through June 13, 2003, when the appellate court issued mandate). Accordingly, Petitioner had through January 2, 2004 (115 days from September 9, 2003) to file his federal habeas corpus petition. Under the mailbox rule, the instant petition was not filed until January 4, 2005.

The Court is aware that Petitioner filed a Rule 3.850 motion. However, since the one year period concluded before Petitioner filed the motion, the tolling provision of section

---

[2]Rule 13 provides as follows:

> The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate (or its equivalent under local practice). But if a petition for rehearing is timely filed in the lower court by any party, the time to file the petition for a writ of certiorari for all parties (whether or not they requested rehearing or joined in the petition for rehearing) runs from the date of the denial of the petition for rehearing or, if the petition for rehearing is granted, the subsequent entry of judgment.

Sup. Ct. R. 13(3).

2244(d)(2) does not apply to the Rule 3.850 proceedings. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."), *cert. denied*, 531 U.S. 991 (2000).

In his reply to the State's response to his petition, Petitioner concedes that his petition untimely and offers no excuses for his failure to file the instant petition within the one year period of limitation (Doc. No. 8 at 1). Petitioner's January 4, 2005, habeas corpus petition was not timely filed and must be denied.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus filed by Bruce Linley Smith is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**. The Clerk of the Court shall enter judgment accordingly.

2. The Clerk of the Court is directed to close this case.

DONE AND ORDERED at Orlando, Florida, this 20 day of April, 2005.

JOHN ANTOON II
UNITED STATES DISTRICT JUDGE

Copies to:
sa 4/20
Counsel of Record
Bruce Linley Smith